IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN R. VESSELLS,

    Plaintiff

v.                                             CIVIL NO. JKB-17-1516

KAYDON RING AND SEAL,

    Defendant.

## MEMORANDUM AND ORDER

On June 26, 2018, the Court entered an order granting summary judgment for Defendant on all counts and closing this case. (*See* Order, ECF No. 39.) Plaintiff has now moved to alter or amend that judgment pursuant to Federal Rule of Civil Procedure 59(e). Specifically, Plaintiff contends that the Court was incorrect in granting summary judgment for Defendant on Plaintiff's retaliatory discipline and termination claims. For the reasons stated herein, Plaintiff's motion is DENIED.

Under Rule 59(e), "there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat. Fire. Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

Plaintiff moves the Court to amend its judgment for one reason: According to Plaintiff, the Court incorrectly found that he had not provided sufficient evidence of causation to establish a *prima facie* case of retaliation in violation of Title VII, and this constitutes a clear error of law. (*See* Mot. Reconsideration Mem. Supp. 2, ECF No. 41-1.) The Court will not grant Plaintiff's motion on that ground for three reasons.

First, Plaintiff appears to misread the Court's earlier opinion, or the evidence presented in this case. Plaintiff takes issue with a particular sentence in the Court's memorandum opinion, in which the Court wrote: "[. . .] Plaintiff does not dispute . . . that Mr. Sewell was not aware of Plaintiff's past complaints of discrimination." (Mem. 24, ECF No. 38.) Plaintiff now directs the Court to his supplement to his opposition in which he wrote: "Sewell admitted that he was aware of at least one complaint by Vessells after September 2014. He later admitted that, during the disciplinary process he became aware of '[s]imilar complaints as being aired in these proceedings.'" (Supp. to Pl's Mem. in Opp'n to Mot. Summ. J., ECF No. 34 (internal citations omitted).)

Plaintiff misreads Mr. Sewell's testimony. Mr. Sewell, one of Plaintiff's supervisors who ultimately made the decision to fire Plaintiff, was asked in his deposition, "Were you aware of the fact that he [*i.e.*, Plaintiff] had made complaints of race discrimination prior to the time you made the decision to terminate him?" Mr. Sewell answered, "No." (Sewell Dep. 112, ECF No. 28.) Plaintiff has not disputed that Mr. Sewell said this, or provided any evidence that it is not true. Mr. Sewell was also asked about whether he had been aware of Plaintiff's complaint about a hose that, according to Plaintiff, was tied up like a noose. Mr. Sewell said that he was not aware when he decided to fire Plaintiff that Plaintiff had made such a compliant. (*See id.* at 9, 112.) Again, Plaintiff has not disputed that Mr. Sewell said this, or provided any evidence that it

is not true. Neither did Plaintiff argue, in his opposition, supplement to that opposition, or in his motion to amend the judgment, that Mr. Sewell contradicted himself in his deposition.

To be sure, Mr. Sewell did admit that he was aware of at least one complaint Plaintiff had made, but he nowhere admits, and in fact he explicitly denies, that he was aware of any complaint *involving racial discrimination*. Mr. Sewell stated that he was aware of some of Plaintiff's complaints about disciplinary actions, and that he had investigated those complaints, by, for example, checking the job and part number mentioned in a particular complaint. These statements do not sufficiently dispute Mr. Sewell's other, clearer, statements that he was unaware of Plaintiff's complaints of racial discrimination. And it is those complaints that are legally significant in this case.

Second, as the Court wrote in its memorandum opinion, "[e]ven if [it] were to find that Plaintiff *had* established a *prima facie* case of race discrimination or retaliation, Plaintiff would still be unable to rebut Defendant's legitimate non-discriminatory reasons for the various adverse employment actions it took against him." (Mem. at 23 (emphasis in the original).) That is, even if Plaintiff could establish a causal link between some complaint to the Equal Employment Opportunity Commission and a disciplinary action, he would still need to rebut Defendant's legitimate non-discriminatory reason for that disciplinary action. And he did not rebut Defendant's legitimate non-discriminatory reasons—for any of the disciplinary actions taken against him.

Plaintiff now focuses on one particular disciplinary action, the September 17 disciplinary write up, and argues that the substance of this write up is disputed. But Plaintiff disputes its substance now by reference to a new declaration and several new exhibits. Although Plaintiff may wish to "correct the record" (Mot. Reconsideration Mem. Supp. at 2), his time for doing so

has passed. *See Pacific Ins. Co.*, 148 F.3d at 403. Plaintiff does not explain why he was unable to present this evidence or make these arguments to the Court prior to its entry of judgment for Defendant. *See Almy v. Sebelius*, 749 F. Supp. 2d 315, 338 (D. Md. 2010) ("Further, the Plaintiff presents no reason why these new arguments were not made prior to this Court's entry of its Order. Thus, the Plaintiff has not met the grounds for reconsideration under Rule 59(e)."). Furthermore, Plaintiff's new declaration and other evidence does not clearly dispute the substance of the September 17 write up. Rather, Plaintiff presents a note purportedly written by his supervisor which he claims demonstrates that he performed a certain job correctly,[1] and then he declares he was told (he does not say by whom) that Defendant would not discipline him for this job before he *was* disciplined for that job by Mr. Sewell. Even if the Court had considered this evidence earlier, it would not have changed its fundamental opinion that Plaintiff has not sufficiently disputed the facts put forth by Defendant that he continuously performed poor work, and was disciplined and ultimately terminated for that reason.

For the reasons stated herein, Plaintiff's motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is DENIED.

DATED this 25 day of July, 2018.

BY THE COURT:

James K. Bredar
Chief Judge

---

[1] If this note demonstrates that Plaintiff performed this job correctly at all, it at least does not do so clearly.